UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ROBERT PINTER,

            Plaintiff,

   -against-

THE CITY OF NEW YORK, a municipal entity, NEW YORK CITY UNDERCOVER POLICE OFFICER # 31107, NEW YORK CITY POLICE OFFICERS "JOHN DOES," individually and in their official capacities, NEW YORK CITY COMMISSIONER RAYMOND KELLY, individually and in his official Capacity, MICHAEL BLOOMBERG, individually and in his official Capacity, JAMES TULLER the Commanding Officer Of Patrol Borough Manhattan South on October 10, 2008, Individually and in his official capacity, CAPTAIN "JOE" BRAILLE, Commander of the Vice Squad of Patrol Borough Manhattan South, individually and in his official capacity, CHIEF ANTHONY IZZO, Commander of the Organized Crime Bureau of the New York City Police Department, individually and in his official capacity, CHIEF JOSEPH ESPOSITO, individually and in his official capacity, BRIAN CONROY, individually and in his official capacity as Deputy Chief of the New York City Police Department's Vice Enforcement Division, DETECTIVE JESSICA STERLING, Shield # 6132, individually and in her Official capacity, SERGEANT MICHAEL MADISON, Shield # 4321, individually and in his official capacity, DETECTIVE MICHAEL MICHILENA, Shield # 1409, Individually and in his official capacity, DETECTIVE SANDRA DAILEY, Shield # 1069, individually and in Her official capacity,
            Defendants.

------------------------------------------------------------------------ x

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS PURSUANT TO RULE 56.1**

**09 CIV. 7841 (SAS)**

   Defendants respond to Plaintiff's Statement of Undisputed Facts, to the extent it alleges facts, in paragraphs 1-3 as follows:

**Plaintiff's Statement No. 1:**

The Defendant City of New York, by and through its Law Department, has admitted that from 1996 to present there has never been an instance, in which it has represented a New York City Police Officer who has been accused of engaging in unconstitutional conduct in a Section 1983 action, and not indemnified the represented officer for any compensatory and/or punitive damages judgment assessed against that officer for that officer's unconstitutional conduct. See: Exhibits A through C attached to the Declaration of James I. Meyerson Respecting the Plaintiff's Municipal Liability Claims Motion.

**Defendants' Response to Plaintiff's Statement No. 1:**

Defendants deny this statement and respectfully refer the Court to Exhibit A (objections in paragraph one and throughout) and Exhibit B (objections in paragraph one and throughout), both attached to Meyerson Declaration in support of the Plaintiff's Motion for Summary Judgment, wherein Defendants set forth objections to the production of the responses, including, but not limited to objections on the grounds of competency, materiality, relevancy, privilege or admissibility as evidence for any purpose of any of the documents produced, or of the subject matter thereof, in any proceeding, including the trial of this action or any subsequent proceeding.

**Plaintiff's Statement No. 2:**

When New York City police officers are represented by an attorney in the New York City Law Department in a Section 1983 litigation in which the officer is accused of unconstitutional conduct, the represented officers and the New York City Law Department attorney execute a representation-indemnification retainer agreement in which it is set forth that:

> "The Corporation Counsel's office functions primarily as the City's lawyer and its principal obligation is to represent the City's interest."

**Defendants' Response to Plaintiff's Statement No. 2:**

Representation letters between the Corporation Counsel and the individually-named defendants in this action are communications made for the purpose of rendering legal advice and to explain how indemnification issues are governed by New York General Municipal Law Section 50(k). As such, they are covered by the attorney-client privilege and are, therefore, not admissible or discoverable. Defendants respectfully refer the Court to New York General Municipal Law Section 50(k) for a full recitation of its contents.

**Plaintiff's Statement No. 3:**

The representation-indemnification retainer agreement also states:

> "We may also withdraw from representation if you should fail to cooperate fully in the defense of this lawsuit."

See Exhibit D attached to the Declaration of James I. Meyerson Respecting the Plaintiff's Municipal Liability Claims Motion.

**Defendants' Response to Plaintiff's Statement No. 3:**

Representation letters between the Corporation Counsel and the individually-named defendants in this action are communications made for the purpose of rendering legal advice and to explain how indemnification issues are governed by New York General Municipal Law Section 50(k). As such, they are covered by the attorney-client privilege and are, therefore, not admissible or discoverable. Defendants respectfully refer the Court to New York General Municipal Law Section 50(k) for a full recitation of its contents.

Dated: New York, New York
July 11, 2013

>MICHAEL A. CARDOZO
>Corporation Counsel of the
>City of New York
>*Attorney for Defendants*
>100 Church Street, Rm. 3-198
>New York, New York 10007
>(212) 356-2385
>
>By: _____/s/_____
>Dara Olds
>Senior Counsel
>Special Federal Litigation Division

cc: <u>BY ECF</u>
James Meyerson, Esq.
Jeffrey Rothman