UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

ROBERT PINTER,

        Plaintiff,

   - against -

THE CITY OF NEW YORK, *et al.*,

        Defendants.

------------------------------------------------------------ X

MEMORANDUM
OPINION AND ORDER

09 Civ. 7841 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

      This Court issued an Opinion and Order on October 10, 2013 ("the October 10 Order") granting in part and denying in part defendants' motion for summary judgment.[1] The Court ruled that plaintiff "may proceed on his false arrest, malicious prosecution, excessive force, and abuse of process claims against the City under *Monell* [and] on his excessive force claim against the individual NYPD personnel in the van."[2] The Court dismissed plaintiff's state law abuse of

---

[1] *Pinter v. City of New York*, No. 09 Civ. 7841, 2013 WL 5597545, at *16 (S.D.N.Y. Oct. 10, 2013). Familiarity with the facts and procedural history of the case is presumed.

[2] *Id.*

1

process claim as well as all other claims against the individual defendants.[3]

Plaintiff now moves the Court to reconsider and amend its Order on two grounds.[4] *First*, the Court should allow his claim for false arrest and an unlawful stop to proceed based on the theory that an undercover officer's allegedly false statements about the factual predicate for plaintiff's arrest violated plaintiff's right to due process under the Fourteenth Amendment.[5] *Second*, the Court should amend its Order to clarify that a reasonable jury may infer actual malice, an element of the malicious prosecution claim, from those allegedly false statements.[6] Plaintiff also indicates that he will no longer proceed on his excessive force claim against any of the individual NYPD defendants.[7] For the following reasons, plaintiff's motion is denied, except to note that plaintiff has voluntarily dismissed all remaining claims against any individual defendant.

The standard for granting a motion for reconsideration pursuant to Local Rule 6.3 is strict. "Reconsideration will generally be denied unless the

---

[3] *See id.*

[4] *See* 10/21/13 Memorandum in Support of Plaintiff's Motion for Reconsideration of Aspects of this Court's October 10, 2013 Opinion and Order and for Such Other and Further Relief as Is Required.

[5] *See id.* at 3-7.

[6] *See id.* at 7-9.

[7] *See id.* at 1-3.

moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."[8] "Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'"[9] The standard for granting reconsideration must be strict in order to "to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters."[10] Typical grounds for reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."[11]

Plaintiff has presented no evidence or argument justifying reconsideration or amendment of the October 10 Order. The Court properly analyzed the false arrest and unlawful stop claims under the Fourth Amendment

---

[8] *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

[9] *Oji v. Yonkers Police Dep't*, No. 12 Civ. 8125, 2013 WL 4935588, at *1 (S.D.N.Y. Sept. 11, 2013) (quoting *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003)).

[10] *AEP-PRI Inc. v. Galtronics Corp. Ltd.*, No. 12 Civ. 8981, 2013 WL 5289740, at *1 (S.D.N.Y. Sept. 19, 2013) (quoting *Naiman v. N.Y. Univ. Hosps. Ctr.*, No. 95 Civ. 6469, 2005 WL 926904, at *1 (S.D.N.Y. Apr. 21, 2005)).

[11] *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quotation omitted).

and ruled that plaintiff may proceed on the false arrest claim but not the unlawful stop claim.[12] There is no cause of action for false arrest or an unlawful stop under the Due Process Clause of the Fourteenth Amendment.[13] The Court also held that plaintiff may proceed on his malicious prosecution claim.[14] Plaintiff may present factual theories regarding the "actual malice" element of that claim at trial.

For the above reasons, plaintiff's motion for reconsideration is denied, except to note that plaintiff has voluntarily dismissed all remaining claims against all individual defendants. The Clerk of the Court is directed to close plaintiff's motion [Dkt. No. 104].

---

[12] *See Pinter*, 2013 WL 5597545, at *8 and *12.

[13] *See Russo v. City of Bridgeport*, 479 F.3d 196, 208-09 (2d Cir. 2007) ("'[W]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process must be the guide for analyzing these claims'. . . . Since the Fourth Amendment provides a more 'explicit textual source of constitutional protection,' . . . the Fourth Amendment, rather than substantive due process, should serve as 'the guide for analyzing these claims.'") (quoting *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (plurality opinion) and *Graham v. Connor*, 490 U.S. 386, 395 (1989)). *Accord Ambrose v. City of New York*, 623 F. Supp. 2d 454, 474 n.9 (S.D.N.Y. 2009) ("Plaintiff's allegation[] of false arrest . . . state[s] a claim only under the Fourth Amendment, and not under the Due Process Clause of the Fourteenth Amendment.") (citing *Murphy v. Lynn*, 118 F. 3d 938, 944 (2d Cir. 1997)).

[14] *See Pinter*, 2013 WL 5597545, at *9.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:	New York, New York
	October 23, 2013

## - Appearances -

**For Plaintiff:**

James I. Meyerson, Esq.
64 Fulton Street, Suite 502
New York, NY 10038
(212) 226-3310

Jeffrey A. Rothman, Esq.
315 Broadway, Suite 200
New York, NY 10007
(212) 227-2980


**For Defendants:**

Dara Olds
Senior Counsel
Special Federal Litigation Division
Law Department
City of New York
100 Church Street, Room 3-198
New York, NY 10007
(212) 356-2385