UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

ROBERT PINTER,

        Plaintiff,

        - against -

THE CITY OF NEW YORK, *et al.*,

        Defendants.

------------------------------------------------------------ X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/25/13
```

<u>MEMORANDUM
OPINION AND ORDER</u>

09 Civ. 7841 (SAS)

SHIRA A. SCHEINDLIN, U.S.D.J.:

I.    BACKGROUND

        This Court issued an Opinion and Order on October 10, 2013 ("the October 10 Order") granting in part and denying in part defendants' motion for summary judgment.[1] The Court ruled that plaintiff "may proceed on his false arrest, malicious prosecution, excessive force, and abuse of process claims against the City under *Monell* [and] on his excessive force claim against the individual

---

[1] *Pinter v. City of New York*, No. 09 Civ. 7841, 2013 WL 5597545, at *16 (S.D.N.Y. Oct. 10, 2013). Familiarity with the facts and procedural history of the case is presumed.

1

NYPD personnel in the van."[2] The Court dismissed plaintiff's state law abuse of process claim as well as all other claims against the individual defendants.[3]

Previously, in an unpublished Summary Order, the Second Circuit dismissed plaintiff's false arrest and malicious prosecution claims against individual defendants based on qualified immunity and went on to dismiss plaintiff's *Monell* claims because "any claims dismissed as against the individual defendants must also be dismissed as against the City."[4] However, in a subsequent published opinion, *Askins v. Doe No. 1*, the Second Circuit held that "the entitlement of . . . individual municipal actors to qualified immunity because at the time of their actions there was no clear law or precedent warning them that their conduct would violate federal law is . . . irrelevant to the liability of the municipality."[5] In the October 10 Order, I recognized that *Askins* conflicts with the

---

[2]     *Id.* On October 21, plaintiff voluntarily dismissed the excessive force claims against individual defendants. *See* 10/21/13 Memorandum in Support of Plaintiff's Motion for Reconsideration of Aspects of this Court's October 10, 2013 Opinion and Order and for Such Other and Further Relief as Is Required ("10/21 Pl. Mem."), at 1-3.

[3]     *See Pinter*, 2013 WL 5597545, at *16.

[4]     *Pinter v. City of New York*, 448 Fed. App'x 99, 106 (2d Cir. 2011), *cert. denied*, 133 S.Ct. 191 (2012) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)).

[5]     *Askins v. Doe No. 1*, 727 F.3d 248, 254 (2d Cir. 2013).

2

Second Circuit's previous decision in the instant case. Acknowledging that I could not "proceed without violating one of the two Second Circuit authorities," I followed *Askins v. Doe* as "a subsequent and more authoritative statement of Second Circuit law."[6]

## II.   DISCUSSION

### A.   The City's Request for Certification

On October 31, 2013, the City requested that the Court "certify its recent decision to the Second Circuit for clarification as to whether *Askins* overrules" the Second Circuit's prior ruling in *Pinter*.[7] The City argues that this issue is the "heart of the conflict expressed in this Court's October 10 Order."[8] If the Second Circuit rules that *Pinter* controls, it may dismiss plaintiff's abuse of process claims "for the same reasons that it [previously] dismissed the false arrest and malicious prosecution claims . . . . [leaving] only . . . [the] excessive force claims for trial."[9] Plaintiff opposes the City's request for certification on the grounds that it would further delay the litigation and that there will "still be a trial

---

[6]   *Pinter*, 2013 WL 5597545, at *7.

[7]   10/31/13 Letter from Dara Olds, Senior Counsel, New York City Law Department, to the Court, at 1.

[8]   11/7/13 Letter from Olds to the Court, at 1.

[9]   *Id.* at 2.

3

on remand [of the excessive force *Monell* claim] and the evidence presented at the future trial will be largely the same evidence as the evidence which would be presented . . . at this time."[10]

Section 1292(b) of Title 28 of the United States Code allows a district judge to certify a question or order to the appellate court when it is "not otherwise appealable under this section" if she is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The instant case involves a controlling question of law where two panels of the Second Circuit have reached conflicting conclusions. Furthermore, immediate appeal would materially advance the ultimate termination of the litigation. If the Second Circuit holds that its prior ruling in *Pinter* controls despite the more recent conflicting holding in *Askins*, it may find that any claim where lack of probable cause is an element must be dismissed – that is, the false arrest, malicious prosecution and abuse of process claims against the City. This would leave only Pinter's excessive force claim for

---

[10]   11/4/13 Letter from James I. Meyerson, Counsel for Plaintiff, to the Court ("11/4/13 Meyerson Ltr."), at 2-3. Plaintiff also asserts that the malicious prosecution and malicious abuse of process claims would be included in a trial on remand, but as discussed below, if the Second Circuit follows its previous ruling in *Pinter*, those claims would be dismissed.

trial, which is a claim based on a much narrower and more limited set of facts than the other three.

I am sympathetic to plaintiff's argument that this case already has a lengthy and complicated history and that this will be the second interlocutory appeal to the Second Circuit. However, proceeding with trial before the Second Circuit rules on this issue puts the Court at risk of expending scarce judicial resources by trying what may be unviable claims. For the foregoing reasons, the following question is certified for appeal to the United States Court of Appeals for the Second Circuit:

> Is the Second Circuit's decision in *Pinter v. City of New York*, 448 Fed. Appx. 99 (2d Cir. 2011) overruled by its decision in *Askins v. Doe No. 1*, 727 F.3d 248 (2d Cir. 2013)?

### B. Plaintiff's Request for Certification

Separately, plaintiff asks the Court to certify its ruling that Pinter did not properly plead a fabrication-based due process claim under the Fourteenth Amendment.[11] Plaintiff first raised this as an allegedly pleaded claim in his opposition papers to defendants' motion for summary judgment.[12] In the October

---

[11] 10/28/13 Letter from Meyerson to the Court ("10/28/13 Meyerson Ltr."), at 1-3. *Accord* 11/4/13 Meyerson Ltr. at 7-9.

[12] *See* 07/16/13 Plaintiff's Memorandum in Response and Opposition to the Collective City Defendant Parties' Motion for Judgment on Some of the Plaintiff's Claims and in Support of the Plaintiff's Multiple Claims, at 6 ("The

10, 2013 Order, I ruled that "[b]ecause this newly raised fabrication-based due process claim does not appear in the Second Amended Complaint, it has not been properly pleaded, and need not be considered."[13] On October 21, plaintiff filed a motion for reconsideration of this ruling stating that because he pled specific facts about the fabrication in his Second Amended Complaint and the first cause of action in his Second Amended Complaint stated that Pinter "was unlawfully stopped and detained and entrapped and arrested in violation of his rights under both the Fourth and Fourteenth Amendments," he had properly pled the fabrication-based due process claim.[14] In denying plaintiff's motion for reconsideration, I ruled on October 23, 2013 that "the Court properly analyzed the false arrest and unlawful stop claims under the Fourth Amendment" and that "there is no cause of action for false arrest or an unlawful stop under the Due Process Clause of the Fourteenth Amendment."[15] In his letters of October 28 and

---

Plaintiff asserts that . . . his Fourteenth Amendment constitutional right to due process was violated by the very fact of UC 311107's fabrication of evidence because the very fact of UC 31107's fabricated narrative . . . interfered with the Plaintiff's right to a fair trial.").

[13]   *Pinter*, 2013 WL 5597545, at *1, n. 14.

[14]   10/21/13 Pl. Mem. at 5-7.

[15]   *Pinter v. City of New York*, No. 09 Civ. 7841, Dkt. No. 106 (S.D.N.Y. Oct. 23, 2013), at 3-4.

November 4, 2013, plaintiff clarifies that the fabrication-due process claim is actually "independent of any and all claims asserted by the Plaintiff under the Fourth Amendment . . . and is a claim independent of a Fourth Amendment based malicious prosecution claim."[16]

Plaintiff cites a Second Circuit case, *Ricciuti v. New York City Transit Authority*,[17] and a recent district court case, *Perez v. Duran*,[18] in support of his assertion that the Fourteenth Amendment fabrication-based due process claim is separate from the Fourth Amendment false arrest, unlawful stop and malicious prosecution claims. *Ricciuti* and *Perez* do support plaintiffs' argument that fabricated evidence can, in certain circumstances, implicate a defendant's constitutional right to a fair trial.[19] However, in both those cases, the plaintiffs had adequately pled a claim that the fabrication deprived them of a constitutional right to a fair trial. As I stated in the October 10 Order, Pinter has never pled that the fabrication deprived him of a constitutional right to a fair trial, and in fact,

---

[16]   10/28/13 Meyerson Ltr. at 2. *Accord* 11/4/13 Meyerson Ltr. at 8.

[17]   *See* 124 F.3d 123 (2d Cir. 1997).

[18]   *See* No. 11 Civ. 5399, 2013 WL 3357166 (S.D.N.Y. Jul. 22, 2013).

[19]   *See Ricciuti*, 124 F.3d at 130 ("When a police officer creates false information likely to influence a jury's decision and forwards that information to prosecutors, he violates the accused's constitutional right to a fair trial . . . ."). *See also Perez*, 2013 WL 3357166, at *9-10.

7

articulated this theory as a separate claim for the first time in his opposition papers to defendants' motion for summary judgment, almost eighteen months after the Second Amended Complaint was filed.

Only "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment."[20] Certification for interlocutory appellate review is appropriate when 1) an order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and 2) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."[21] While resolution of this issue could certainly advance the termination of this litigation, Pinter's request does not raise a controlling question of law. Whether a party adequately pled a claim is a standard issue for appeal, but it is not "a new legal question or [a legal issue] of special consequence" appropriate for interlocutory review.[22] For the foregoing reasons, plaintiff's request for certification is denied.

---

[20] *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).

[21] 28 U.S.C. § 1292(b).

[22] *Mohawk Indus. Inc. v. Carpenter*, 558 U.S. 500, 511 (2009).

SO ORDERED:

                                                                               _____
                                                                               Shira A. Scheindlin
                                                                               U.S.D.J.

Dated:       New York, New York
                November 25, 2013

## - Appearances -

**For Plaintiff:**

James I. Meyerson, Esq.
64 Fulton Street, Suite 502
New York, NY 10038
(212) 226-3310

Jeffrey A. Rothman, Esq.
315 Broadway, Suite 200
New York, NY 10007
(212) 227-2980

**For Defendants:**

Dara Olds
Senior Counsel
Special Federal Litigation Division
Law Department
City of New York
100 Church Street, Room 3-198
New York, NY 10007
(212) 356-2385